AO 106 (Rev. 01/09) Application for a Search Warrant

# United States District Court
### for the
### Western District of New York



In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address.)*

One (1) black colored LG cellular phone model LM-X210APM, FCC ID: ZNFX210AMP, S/N: 809VTSM221246 (Subject Phone 1); One (1) black colored Alcatel cellular phone model 5041C, FCC ID: 2ACCJH087, IMEI: 015163008717521 (Subject Phone 2); and One (1) black colored Apple iPhone with no visible identifying numbers (Subject Phone 3)

Case No. 19-MJ- *47*

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See **Attachment A**, attached hereto and incorporated herein by reference.

located in the Western District of New York, there is now concealed *(identify the person or describe the property to be seized)*:

See **Attachment B**, attached hereto and incorporated herein by reference.

The basis for search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☒ evidence of a crime;
- ☒ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of 21 U.S.C. § 841(a)(1); 846; and 856; and 18 U.S.C. § 924(c).

The application is based on these facts:
- ☒ continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

THOMAS PALMER
SPECIAL AGENT
Federal Bureau of Investigation
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  April *3*, 2019 _____

_____
*Judge's signature*

City and state:  Buffalo, New York _____

HONORABLE H. KENNETH SCHROEDER, JR.
United States Magistrate Judge
*Printed name and Title*

## ATTACHMENT A

### DEVICES TO BE SEARCHED

The property to be searched includes three (3) cell phone devices, their SIM cards, and their components, which are detailed as follows:

a.  Subject Phone 1 is a black colored LG cellular phone model LM-X210APM, FCC ID: ZNFX210AMP, S/N: 809VTSM221246;

b.  Subject Phone 2 is a black colored Alcatel cellular phone model 5041C, FCC ID: 2ACCJH087, IMEI: 015163008717521;

c.  Subject Phone 3 is a black colored Apple iPhone with no visible identifying numbers.

The Subject Phones are currently located at the Federal Bureau of Investigation at One FBI Plaza, Buffalo, New York.

This warrant authorizes the forensic examination of Subject Phones 1-3 for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

## LIST OF ITEMS TO BE SEARCHED FOR AND SEIZED

1.      Evidence and instrumentalities concerning violations of Title 21, United States Code, Sections 841(a)(1) (possession with intent to distribute, and distribution of, controlled substances), 846 (conspiracy to possess with intent to distribute, and distribution of, controlled substances); 856 (maintaining a drug-involved premises); and Title 18, United States Code, Sections, 924(c) (possession of a firearm in furtherance of drug trafficking), since approximately May 2018, including records and stored content relating to:

      a.      lists of co-conspirators, counterparties, and customers, and related identifying information;

      b.      telephone calls, including incoming, outgoing, and missed calls, phone contact addresses, email addresses and telephone numbers in directories, documents and files which reflect names, email addresses, addresses, telephone numbers and objects related to drug trafficking, and photographs regarding drug trafficking and drug trafficking associates contained in the cellular telephones;

      c.      SMS and MMS messages, and any other wire and electronic communications relating to controlled substances and virtual currency;

      d.      types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

      e.      any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

      f.      any information recording the device's travel;

      g.      all bank records, checks, credit card bills, account information, and other financial records

      h.      items relating to the possession, purchase, sale, or transfer of firearms or ammunition; and

      i.      items relating to the use postal services including the United States Postal Service, or any private postal carrier (such as FedEx, UPS, DHL, etc.), and any tracking number, proof of payment, receipt, or record of inquiry made regarding such postal services.

2.      Any and all stored content tending to prove relationships between any co-conspirators or any acts furthering the unlawful drug trafficking, including all text messages (incoming and outgoing), recent calls (incoming and outgoing), missed calls (incoming and outgoing), contact list, appointment calendar, photographs, videos, notes, and reminders.

3.      Items demonstrating ownership, use, and/or control of each subject device.

4.      Records evidencing the use of the Internet relating to controlled substances or

or the use of virtual currencies, including:

a.      records of Internet Protocol addresses used;

b.      records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

c.      records of any software for and usage regarding the storage and transfer of virtual currencies, including bitcoins.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

## SEARCH WARRANT AFFIDAVIT

STATE OF NEW YORK   )
COUNTY OF ERIE       )       SS:
CITY OF BUFFALO      )

## I.  INTRODUCTION

**THOMAS PALMER**, Special Agent of the Federal Bureau of Investigation, United

States Department of Justice, having been duly sworn, states as follows:

1.      I am a Special Agent of the Federal Bureau of Investigation (FBI).   As such, I

am an "investigative or law enforcement officer of the United States" within the meaning of

Title 18, United States Code, Section 2510(7), that is, an officer of the United States

empowered by law to conduct investigations of and to make arrests for offenses enumerated

in Title 18, United States Code, Section 2516.

2.      I have been so employed as a Special Agent (SA) of the FBI since January of

2005.   During my employment with the FBI, I have participated in investigations concerning

drug trafficking matters, weapons possession and crimes of violence.   I am familiar with how

controlled substances are obtained, diluted, packaged, distributed, sold, and used in the

framework of drug trafficking and how drug traffickers utilize electronic communications to

facilitate their illegal activities.   I have participated in investigations which have employed

the interception of wire, oral, and electronic communications authorized by the Federal

Courts in the Western District of New York.   My investigative experience detailed herein, as

well as the experience of other law enforcement agents who are participating in this investigation, serve as the basis for the opinions and conclusions set forth herein.   I have not presented each and every fact of this investigation to date, and have only provided information necessary to establish probable cause for the petitioned Search Warrants.


3.     This affidavit is made in support of a federal search warrant application for facilities recovered during the execution of a Town of Orchard Park search warrant authorized by Town of Orchard Park Court Judge Jorge S. DeRosas, commanding the search of 179 East Abbott Grove Avenue, Orchard Park, New York; a 2018 Jeep Wrangler, Black in color, bearing New York vehicle registration number ("NY REG") HZS-2391 and the person of FELIX CALDERON.   The following facilities were seized by law enforcement, and this application seeks authorization to search the following facilities:

a.     One (1) black colored LG cellular phone model LM-X210APM, FCC ID: ZNFX210AMP, S/N: 809VTSM221246 (hereinafter "Subject Phone 1");

b.     One (1) black colored Alcatel cellular phone model 5041C, FCC ID: 2ACCJH087, IMEI: 015163008717521 (hereinafter "Subject Phone 2");

c.     One (1) black colored Apple iPhone with no visible identifying numbers (hereinafter "Subject Phone 3")

Subject Phones 1-3 are currently in the custody of the FBI at One FBI Plaza, Buffalo, NY . This application seeks search warrants for each of the devices described in Attachment A, attached hereto and incorporated herein by reference, which would authorize the forensic examination of Subject Phones 1-3 for the purpose of identifying electronically stored data particularly described in Attachment B, attached hereto and incorporated herein by reference.

4.      The information contained in this affidavit is based upon my participation in the investigation described below and upon reports and information received from other law enforcement officers and agencies.   This affidavit is provided for the limited purposes of establishing probable cause to support the attached search warrant application and, therefore, does not contain each and every detail of the investigation.

## II.   DETAILS OF THE INVESTIGATION

5.      Since May of 2018 members of the FBI Safe Streets Task Force (FBI-SSTF), the Lackawanna Police Department (LPD), the Drug Enforcement Administration (DEA), the United States Postal Inspection Service (USPIS) and the Bureau of Alcohol Tobacco, Firearms and Explosives (BATFE) (hereinafter "the Investigative Team") have been investigating the FELIX CALDERON-VALCARCEL Drug Trafficking Organization (DTO).

6.      Members of the Investigative Team identified 179 East Abbott Grove Avenue, Orchard Park, NY as the residence of VALCARCEL. This information was corroborated by New York State parole who indicated that 179 East Abbott Grove Avenue, Orchard Park, NY was CALDERON-VARCARCEL's address of record.

7.      In September of 2018 members of the USPIS identified a suspicious parcel of mail addressed to 179 East Abbott Grove Avenue, Orchard Park, NY. On September 24, 2018 Inspectors for the USPIS obtained a federal search warrant signed by United States Magistrate Judge Michael J. Roemer authorizing a search of the intercepted parcel. Members of the

USPIS searched the parcel and found that it contained suspected cocaine. The substance was submitted to the DEA Northeast Laboratory for analysis which confirmed the substance is 475.2 grams of cocaine

8.      In February of 2019 members of the USPIS identified a suspicious parcel of mail addressed to 179 East Abbott Grove Avenue, Orchard Park, NY. On February 5, 2019 Inspector for the USPIS obtained a federal search warrant signed by United States Magistrate Judge Michael J. Roemer authorizing a search of the intercepted parcel. The substance was submitted to the DEA Northeast Laboratory for analysis which is still pending. USPIS confirmed the substance is suspected cocaine based on its color, consistency and manner of packaging and weighs approximately 1,004 grams.

9.      On March 26, 2019, LPD Captain Aaron Brennan obtained a search warrant signed by the honorable Jorge S. DeRosas, Town of Orchard Park Court Judge, authorizing the search of the following: 179 East Abbott Grove Avenue, Orchard Park, New York; a 2018 Jeep Wrangler, Black in color, bearing New York vehicle registration number ("NY REG") HZS-2391 and the person of FELIX CALDERON.

10.      On March 26, 2019 the Investigative Team conducted surveillance of 179 East Abbott Grove Road, Orchard Park, New York. During the surveillance the Investigative Team observed CALDERON-VALCARCEL exiting 179 East Abbott Grove Road, Orchard Park, New York, entering 2019 Toyota Camry, Silver in color bearing VA UVF-7895, and departing the area.  The Investigative Team attempted to maintain visual surveillance of

4

CALDERON-VALCARCEL but also utilized NYS Parole GPS ankle monitor device worn by CALDERON-VALCARCEL to follow his moving location. CALDERON-VALCARCEL was observed parked near the intersection of Stevenson Street and Cumberland Avenue at which point members of the Investigative Team approached CALDERON-VALCARCEL to execute the search warrant for his person.   As the Investigative Team approached, CALDERON-VALCARCEL was observed counting a large quantity of U.S. currency that comprised ten thousand dollars of marked LPD funds. CALDERON-VALCARCEL was detained and advised of his Miranda rights. CALDERON-VALCARCEL was shown a copy of the search warrant. CALDERON-VALCARCEL stated that he wanted to cooperate and gave verbal consent to search the vehicle he was operating.   CALDERON-VALCARCEL stated that there was a kilogram of cocaine in the trunk of the vehicle that belonged to him. Members of the investigative team transported CALDERON-VALCARCEL and his vehicle to the Lackawanna Police Department. A Hamburg Police Department K-9 gave a positive alert for narcotics following a perimeter sniff of the vehicle. Based on the consent given and the K-9 alert, members of the Investigative Team searched the vehicle.   Members of the Investigative Team recovered approximately one (1) kilogram of suspected cocaine from CALDERON-VALCARCEL's vehicle. Additionally, Subject Phone 1, Subject Phone 2, and Subject Phone 3 were all recovered from within the vehicle.

11.     Subsequent to the traffic stop, members of the Investigative Team executed the search warrant at 179 East Abbott Grove Avenue, Orchard Park, New York.   During the execution of the search warrant members of the investigative team seized approximately four

(4) kilograms of suspected cocaine and a Taurus Millennium PT 9mm caliber handgun bearing serial number TDR53240.

12.     Subsequent to the search, CALDERON-VALCARCEL was arrested and transported to the Lackawanna Police Department. CALDERON-VALCARCEL was provided with his advice of rights and agreed to speak with the investigative team. CALDERON-VALCARCEL stated that the packages recovered in his residence and in the vehicle were cocaine and belonged to him. CALDERON-VALCARCEL stated that he obtained the cocaine from an unidentified Mexican source of supply in Texas. CALDERON-VALCARCEL explained that he paid thirty (30) thousand dollars per kilogram of cocaine and sold kilograms for thirty four (34) thousand dollars in Western New York. CALDERON-VALCARCEL further stated that the firearm which was recovered during the search belonged to him. CALDERON-VALCARCEL explained that he purchased the firearm from an individual known to CALDERON-VALCARCEL as "CUBA" approximately six months ago. CALDERON-VALCARCEL paid seven hundred fifty dollars for the firearm.

13.     During the course of the interview CALDERON-VALCARCEL admitted to utilizing the United States Postal Service to ship cocaine from Puerto Rico to his residences and other residences in Western New York. Similarly, CALDERON-VALCARCEL explained he and his associates utilized the USPS to send "tester" packages. These packages which contain no contraband are of a similar size, shape and weight of packages containing

narcotics. This technique is utilized to identify locations that narcotics can be successfully sent to and avoid law enforcement detection.

14.     During the interview CALDERON-VALCARCEL voluntarily unlocked Subject Phone 3 and showed members of the investigative team photographs of kilograms of cocaine that CALDERON-VALCARCEL had previously sold. Similarly, CALDERON-VALCARCEL showed investigators a photograph of tracking number of a USPS package that he was expecting to be delivered to his residence. This tracking number was the same tracking number of the USPS package that was seized in February of 2019, which contained approximately 1,004 grams of cocaine.

15.     On March 27, 2019, FELIX CALDERON-VALCARCEL was charged by Criminal Complaint in the United States District Court for the Western District of New York with violations of Title 21, United States Code, Sections 841(a)(1) (possession with intent to distribute, and distribution of, controlled substances), 846 (conspiracy to possess with intent to distribute, and distribution of, controlled substances); 856 (maintaining a drug-involved premises); and Title 18, United States Code, Sections, 924(c) (possession of a firearm in furtherance of drug trafficking) (hereinafter "the enumerated offenses"). See Criminal Complaint, 19-mj-1039.

## CELLULAR TELEPHONES AND OTHER COMMUNICATION AND ELECTRONIC DEVICES

16.     The investigation has revealed, through subpoena responses, law enforcement databases, consent searches, previously executed search warrants, and witness interviews,   as

well as drug traffickers keep in regular contact via cellular telephone and through social media websites such as Facebook, Snapchat, and Wickr.   Through these methods, law enforcement has been able to identify and make connections between drug traffickers and their associates. Accordingly, based upon my training and experience, and my knowledge of the investigation, I believe that CALDERON-VALCARCEL has used his cellular telephone and other communication devices as a means to communicate with members and associates of drug traffickers, regarding illegal distribution of controlled substances, possession of firearms, and other illegal activity.   CALDERON-VALCARCEL has also used his cellular telephone to record and distribute images of suspected controlled substances as well as images of tracking numbers of packages which contained suspected controlled substances.

17.    This investigation has shown that members and associates of drug traffickers utilize telephones to communicate with each other.   As it relates to this case in particular, and based on my training and experience, cellular telephones and other communication and electronic devices will contain within their memory, contact lists, call logs, text messages, photos, videos, audio recordings, internet browser history, historical GPS locations and other information that would be pertinent to this ongoing investigation.

## AUTHORIZATION TO SEARCH AND SEIZE

18.    Accordingly, this application seeks authorization to search for and seize from Subject Phones 1-3, more fully described in Attachment A, evidence of violations of the enumerated offences, as is more fully detailed in Attachment B.

19.     During the course of other drug trafficking investigations, I have assisted with the execution of federal search warrants on cellular telephones seized from members of drug trafficking organizations and gang members, which have resulted in the recovery of significant evidence tending to show involvement in drug trafficking, including relevant text messages between members of the organization and contact lists containing names and telephone numbers of the members of the organization.   Based on my training, experience, and participation in this and other drug trafficking investigations and based upon my discussions with other FBI Agents, and other law enforcement officials, and my participation in this investigation, I have learned:

a.      Individuals involved in narcotics trafficking frequently maintain records, notes, ledgers, and other digital records relating to the transportation, ordering, sale and distributions of controlled substances, including cocaine, cocaine base, heroin and marijuana.   Furthermore, I know that the aforementioned records, notes, ledgers, etc., are generally maintained where the traffickers have ready access to them;

b.      That Individuals involved in narcotics trafficking commonly maintain records of telephone calls, addresses or telephone numbers in cellular telephones which reflect names, addresses and telephone numbers of their associates in their narcotics trafficking organization, as well as photographs of themselves and their drug trafficking associates;

c.      Based on your Affiant's training, experience, and information obtained during this investigation, drug distributors utilize multiple cellular telephones and other electronic devices to facilitate narcotics trafficking;

d.      Individuals involved in narcotics trafficking commonly maintain cellular telephones and other communication devices to further their narcotics trafficking activities.   Narcotics traffickers often utilize these devices to relay a variety of illicit information, including, but not limited to, telephone numbers of co-conspirators, emails, digital codes to identify the caller, digital codes to indicate the location of a meeting place, the amount of a controlled substance or its purchase price, or other information designed to facilitate criminal activity;

e.      Involved in narcotics trafficking commonly maintain names, telephone numbers, recorded messages, photographs and other items of

information concerning themselves and individuals associated in their criminal activities, in electronic storage mediums, including but not limited to cellular telephones; and

f.    Individuals involved in narcotics trafficking commonly take, or cause to be taken, photographs/videos of themselves, their associates, their property, and their drugs or firearms. These photographs/videos are usually maintained in their residences and/or stored in electronic storage mediums, including but not limited to cellular camera telephones.

WHEREFORE, based upon the foregoing, I believe that probable cause exists that evidence related to violations of the enumerated offenses will be found in the identified facilities to be searched, and I therefore request that the Court issue the proposed search warrant.

_____
THOMAS PALMER
Special Agent
Federal Bureau of Investigation

Sworn to before me this 3rd

day of April, 2019.

_____
HONORABLE H. KENNETH SCHROEDER, JR.
United States Magistrate Judge

## ATTACHMENT A

## DEVICES TO BE SEARCHED

The property to be searched includes three (3) cell phone devices, their SIM cards,

and their components, which are detailed as follows:

a.   Subject Phone 1 is a black colored LG cellular phone model LM-X210APM, FCC ID: ZNFX210AMP, S/N: 809VTSM221246;

b.   Subject Phone 2 is a black colored Alcatel cellular phone model 5041C, FCC ID: 2ACCJH087, IMEI: 015163008717521;

c.   Subject Phone 3 is a black colored Apple iPhone with no visible identifying numbers.

The Subject Phones are currently located at the Federal Bureau of Investigation at One

FBI Plaza, Buffalo, New York.


This warrant authorizes the forensic examination of Subject Phones 1-3 for the purpose of

identifying the electronically stored information described in Attachment B.

## **ATTACHMENT B**

## **LIST OF ITEMS TO BE SEARCHED FOR AND SEIZED**

1.     Evidence and instrumentalities concerning violations of Title 21, United States Code, Sections 841(a)(1) (possession with intent to distribute, and distribution of, controlled substances), 846 (conspiracy to possess with intent to distribute, and distribution of, controlled substances); 856 (maintaining a drug-involved premises); and Title 18, United States Code, Sections, 924(c) (possession of a firearm in furtherance of drug trafficking), since approximately May 2018, including records and stored content relating to:

a.     lists of co-conspirators, counterparties, and customers, and related identifying information;

b.     telephone calls, including incoming, outgoing, and missed calls, phone contact addresses, email addresses and telephone numbers in directories, documents and files which reflect names, email addresses, addresses, telephone numbers and objects related to drug trafficking, and photographs regarding drug trafficking and drug trafficking associates contained in the cellular telephones;

c.     SMS and MMS messages, and any other wire and electronic communications relating to controlled substances and virtual currency;

d.     types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

e.     any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

f.     any information recording the device's travel;

g.     all bank records, checks, credit card bills, account information, and other financial records

h.     items relating to the possession, purchase, sale, or transfer of firearms or ammunition; and

i.     items relating to the use postal services including the United States Postal Service, or any private postal carrier (such as FedEx, UPS, DHL, etc.), and any tracking number, proof of payment, receipt, or record of inquiry made regarding such postal services.

2.     Any and all stored content tending to prove relationships between any co-conspirators or any acts furthering the unlawful drug trafficking, including all text messages (incoming and outgoing), recent calls (incoming and outgoing), missed calls (incoming and outgoing), contact list, appointment calendar, photographs, videos, notes, and reminders.

3.      Items demonstrating ownership, use, and/or control of each subject device.

4.      Records evidencing the use of the Internet relating to controlled substances or

or the use of virtual currencies, including:

    a.      records of Internet Protocol addresses used;

    b.      records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

    c.      records of any software for and usage regarding the storage and transfer of virtual currencies, including bitcoins.

      As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.